798 F.2d 1417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
John VAN DEN BOSCH, Jr., Respondent-Appellant.
 No. 85-5349.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 GUY, Circuit Judge.
 
 
 1
 Respondent, John Van den Bosch, Jr., appeals from the district court judgment finding that he was serving as a standing trustee in Chapter 13 bankruptcy cases in the Eastern Division of the Western District of Tennessee, removing him from that position for negligence and breach of fiduciary duty, and assessing $39,000 in costs and expenses of the removal. For the reasons given below, we affirm.
 
 I.
 
 2
 In the fall of 1983, the bankruptcy court for the western district sought the removal of Van den Bosch as a bankruptcy trustee, pursuant to 11 U.S.C. Sec. 324. This section provides for removal of a bankruptcy trustee for cause after notice and a hearing. The matter was removed to the district court and the government then filed its motion for removal of the trustee on the grounds of breach of fiduciary duty, gross negligence, excess compensation, and general dishonesty. After an evidentiary hearing, the district court entered findings of fact and conclusions of law, and on April 5, 1985, entered judgment.
 
 
 3
 The district court judge first found Van den Bosch guilty of gross negligence, concluding that respondent served the court well for many years when the number of Chapter 13 cases was small, but was grossly incompetent and negligent as well as willfully misleading in dealing with the large number of cases which arose from the new Bankruptcy Code, starting in 1990. Petitioner's quarterly reports and fiscal reports were inaccurate and misleading, particularly in the area of his compensation. The judge also concluded that Van den Bosch failed to keep proper records and that he did not allocate or account for the expenses of the trusts. Second, the judge found that Van den Bosch failed to file reports and audits in a timely fashion. Third, he found breach of the fiduciary duties owed to the estates in commingling trust money with that of respondent's law firm. Fourth, and the major finding at issue in this litigation, the judge found that Van den Bosch was a standing trustee and had overcompensated him self both as to salary and expenses.
 
 
 4
 Lastly, the court found that the costs involved in removal of the respondent, in major part generated by the expense of an audit, amounted to $39,294. The judge found Van den Bosch personally liable for this amount, relying on In re Johnson, 518 F.2d 246 (10th Cir.), cert. denied, 423 U.S. 993 (1975).
 
 II.
 
 5
 The trustee challenges three findings by the district court. First, he contends that he was an appointed trustee in each case and not a standing trustee, and thus I pursuant to the law as it relates to the compensation of appointed trustees, he was not overcompensated. Second, he contends that, while his accounting system and office practices may have been inefficient, that problem was outside of his control. Third, he contends that he should not be liable for the costs incident to his removal. He does not seek to continue as bankruptcy trustee, but merely wishes to "have this cloud removed from over his head," and objects to the costs as unnecessary.
 
 
 6
 The major issue argued by the parties is whether Van den Bosch was a standing or appointed trustee and whether he over compensated himself. 11 U.S.C. Sec. 1302 provides as follows:
 
 Sec. 1302. Trustee
 
 7
 (a) If the court has appointed an individual under subsection (d) of this section to serve as standing trustee in cases under this chapter and if such individual qualifies under section 322 of this title, then such individual shall serve as trustee in the case. Otherwise, the court shall appoint a person to serve as trustee in the case.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (d) If the number of cases under this chapter commenced in a particular judicial district so warrant, the court may appoint one or more individuals to serve as standing trustee for such district in cases under this chapter.
 
 
 11
 (e)(1) A court that has appointed an individual under subsection (d) of this section to serve as standing trustee in cases under this chapter shall fix--
 
 
 12
 (A) a maximum annual compensation for such individual, not to exceed the lowest annual rate of basic pay in effect for grade GS-16 of the General Schedule prescribed under section 5332 of title 5; and
 
 
 13
 (B) a percentage fee, not to exceed ten percent, based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee.
 
 
 14
 (2) Such individual shall collect such percentage fee from all payments under plans in the cases under this chapter for which such individual serves as standing trustee. Such individual shall pay annually to the Treasury--
 
 
 15
 (A) any amount by which the actual compensation of such individual exceeds five percent upon all payments under plans in cases under this chapter for which such individual serves as standing trustee; and
 
 
 16
 (B) any amount by which the percentage fee fixed under paragraph (1)(B) of this subsection for all such cases exceeds--
 
 
 17
 (i) such individual's actual compensation for such cases, as adjusted under subparagraph (A) of this paragraph; plus
 
 
 18
 (ii) the actual, necessary expenses incurred by such individual as standing trustee in such cases.
 
 
 19
 11 U.S.C. Sec. 326 provides general limitations on the compensation of a bankruptcy trustee. It provides that in Chapter 13 cases the court is limited by Sec. 1302(d) as to compensation for a standing trustee, but may allow "reasonable" compensation under 11 U.S.C. Sec. 330 of a trustee appointed under Sec. 1302(a), "for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan." 11 U.S.C. Sec. 330(a) provides:
 
 Sec. 330. Compensation of officers
 
 20
 (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney
 
 
 21
 (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title; and
 
 
 22
 (2) reimbursement for actual, necessary expenses.
 
 
 23
 Van den Bosch argues that he was an appointed trustee under Sec. 1302(a) rather than a standing trustee under Sec. 1302(d). He acknowledges that if he had been a standing trustee he could have been compensated only pursuant to § 1302(e), which limits compensation to the pay for grade GS-16 or five percent, whichever is less. However, he points to S 326 which provides for compensation of an appointed trustee, not to exceed five percent upon all payments under the plan. He then points to orders by the bank ruptcy court providing for compensation at five percent. The government, while contending that the district court correctly found Van den Bosch to be a standing trustee, further argues that whether he was a standing or appointed trustee he still acted improperly in that Sec. 330 mandates that compensation of an appointed trustee must be "reasonable." The government contends that the trustee's compensation for 1981, 1982, and 1983 was not reasonable The government further argues that the trustee retained surplus expense funds, specifically, $51,191.00, which he called a "reserve" and commingled with his law firm funds. He was not entitled to keep that surplus whether he was a standing or appointed trustee. Since we find that the district court correctly found Van den Bosch to be a standing trustee, we find it unnecessary to address the government's alternate theory.
 
 
 24
 Van den Bosch sets forth a number of reasons in support of his contention that the district court was incorrect in finding him a standing trustee. First, he argues that, pursuant to 11 U.S.C. Sec. 1302(d), there must be an affirmative appointment of a standing trustee and there never was such an order entered. We do not find this argument persuasive. First of all, Sec. 1302(d) does not specifically require that there be a written order, only that a trustee be appointed. Further, Van den Bosch's argument cuts both ways, for there also are no orders designating him an appointed trustee in each case as is the analogous requirement of 6 1302(a). The bankruptcy court began sending all of the Chapter 13 cases to Van den Bosch in 1960 and continued to do so until 1983. The record shows that letters sent and orders entered throughout this period consistently refered to Van den Bosch as the Chapter 13 trustee.
 
 
 25
 On March 11, 1968, a referee's order was entered which refers to Van den Bosch as "serving as trustee in all proceedings under Chapter Xlll," and provides that his title to all property acquired as this trustee "shall pass to a successor trustee." (App., Vol. 11 at 340-341.) In a December 17, 1971 order, Referee Pope referred to Van den Bosch as "acting as trustee in all Chapter XIII cases" and again referred to lt any successor trustee appointed by the court." (App., Vol. 11 at 338-39.) On February 9, 1973, Referee Leffler wrote a letter to an attorney in the Bankruptcy Division of the Administrative Office informing him that Van den Bosch was handling all Chapter XIII cases for the Eastern Division. (App., Vol. 11 at 359.) A November 12, 1979, letter from the Administrative Office to Judge Leffler concerns the report "of your Chapter 13 trustee." (App., Vol. 11 at 358.) A May 7, 1980, order by Judge Leffler calls Van den Bosch "trustee in all Chapter 13 cases," (App., Vol. 11 at 337) and an April 8, 1981, order amending that prior order says that Van den Bosch is "acting as trustee in all Chapter 13 cases," and is "the trustee for Chapter 13 cases." (App., Vol. II at 336.) On October 18, 1982, a joint order by Judges Leffler and Kennedy called Van de Bosch "the standing Chapter 13 trustee." (App., Vol. II at 335) and another joint order entered on July 15, 1983, calls him the "Chapter 13 trustee." (App., Vol. II at 356.) Thus, the district judge had before him ample documentary evidence to support his conclusion as to Van den Bosch's status.
 
 
 26
 Respondent's second argument, and the one upon which he places the greatest emphasis, is based on a March 27, 1980, letter written by Keith McCormic, law clerk to Bankruptcy Judge Leffler. That letter reads as follows:
 
 
 27
 Re: Compensation of Private Chapter 13 Trustee
 
 Dear John:
 
 28
 Judge Leffler asked me to look into your request for additional compensation as a private Chapter 13 trustee. Specifically, Judge Leffler inquired about the limits, if any, on said compensation. The purpose of this letter is to share the results of my research with you.
 
 
 29
 11 U.S.C. Sec. 326(b0 governs the court's power to allow compensation to a private Chapter 13 trustee (i.e. a trustee that is not a standing trustee under 11 U.S.C. Sec. 1302(d)0. That subsection of Sec. 326 provides that the court may allow "reasonable compensation under section 330" to such trustee. Said compensation is payable after the trustee renders services and cannot exceed 5% of all payments under the plan.
 
 
 30
 11 U.S.C. Sec. 330 governs compensation of officers. Under the circumstances specified therein, the court may allow "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." Therefore, it appears that the 5% limitation mentioned above is of key importance in determining what additional compensation the court may allow for your services as a private Chapter 13 trustee.
 
 
 31
 If can be of further assistance in this matter, please do not hesitate to contact me.
 
 
 32
 (App., Vol. 11 at 360.) Van den Bosch argues that this letter shows that Judge Leffler regarded him as a "private" or "appointed" trustee rather than a standing trustee.
 
 
 33
 It does seem that Mr. McCormic took a "private" Chapter 13 trustee not to be a standing trustee under 11 U.S.C. Sec. 1302(d), but we find that is simply inaccurate. We do not find "private" and "appointed" to be analogous. Both a standing trustee and a trustee appointed for each case are "private" trustees, as opposed to a United States Trustee who is an employee of the government. See H.R. No. 95-595, 95th Cong., 1st Sess. 426 (1977). There is no question that Van den Bosch was a private trustee and not an employees of the government. All that Judge Leffler evidently asked his clerk to do was to investigate com ensation of a private trustee. There is no dispute that Van den Bosch was a private trustee. What a law clerk of the bankruptcy judge took "private" to mean is certainly not dispositive of the question before us.
 
 
 34
 Third, respondent relies on the testimony at the hearing of Lurwin Coomer (an auditor hired by respondent) that he had a conversation with Judge Leffler in which the judge referred to Van den Bosch as an "appointed" trustee. A full review of the testimony reveals that Coomer testified that Judge Leffler, after considerable discussion, stated that Van den Bosch was an appointed trustee on each and every case, but said that the clerk of the court would write Mr. Coomer a letter on that matter. The clerk did so, and that letter states that Van den Bosch serves as trustee in all Chapter 13 cases and that his manner of appointment and allowable compensation are set forth in 11 U.S.C. Sec. 1302. (App., Vol. 11 at 346.) Since Sec. 1302 provides for compensation for standing trustees, rather than appointed trustees, it would seem that this letter modifies what Judge Leffler allegedly told Mr. Coomer.
 
 
 35
 Fourth, Van den Bosch points to bankruptcy court orders setting his compensation at five percent, which is the maximum allowed to appointed trustees. However, that is also the amount of compensation allowed to a standing trustee provided it does not exceed the GS-16 pay. Further, those orders do not conform to the statutory requirement for an appointed trustee. Section 326 does provide that compensation not exceed five percent, but is modified by the mandate that the court may only allow "reasonable compensation under Sec. 330." Under S 330, compensation may be awarded only after notice to any parties in interest and after a hearing. Notice was never given and a hearing never held in any of Van den Bosch's cases.
 
 
 36
 Respondent's final argument is similar. He contends that the bankruptcy court had an affirmative duty to fix his compensation pursuant to S 1302(e)(1). This is true, and the bankruptcy court ought to have done so in a more precise manner. However, as just discussed, the bankruptcy court also did not hold hearings as to the five percent compensation claimed in each case as if each case were a separate appointment. The fact that the court did not follow literally the statutory requirements as to either type of trustee does not require a finding that the trustee was appointed as opposed to standing. Further, the trustee did not post a bond in each of the separate cases, as he would have been required to do as an appointed trustee, but only filed a blanket fiduciary bond for all cases, as a standing ' trustee would. See Bankruptcy Rule 2010(a) (former Bankruptcy Rule 13-205).
 
 
 37
 Federal Rule of Civil Procedure 52(a) provides:
 
 
 38
 In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts separately and state separately its conclusions of law thereon .... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.
 
 
 39
 Thus, we cannot reverse the factual findings of the district court unless we find that they are clearly erroneous.
 
 
 40
 [A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duties under Rule 52 if it undertakes to duplicate the role of the lower court.... If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 34 (1949).
 
 
 41
 Anderson v. City of Bessemer, 105 S.Ct. 1504, 1511-12 (1985). Further, an order removing a trustee is within the discretion of the court and reviewable only on a clear showing of abuse of discretion. Woodford v. Cosden & Co., 299 F. 67 (8th Cir.1923).
 
 
 42
 Upon review of the record before us, we find that although the bankruptcy court did not follow to the letter the appropriate statutory procedures, the district court was not clearly erroneous in concluding that Van den Bosch was the standing trustee for Chapter 13 cases for the Eastern Division. We further find that the judge did not abuse his discretion in ordering removal.
 
 III.
 
 43
 Van den Bosch also challenges the district court's finding that he should be removed because of his inefficient accounting system and office procedures. He argues that these problems were outside of his control because of the sudden increase in cases. He seems to have intended to simply continue doing what he had been doing as best he could, even though he admits his office was not equipped to handle the caseload. Van den Bosch was an officer of the court and a fiduciary. If he found himself unable to handle the caseload, he should have brought this problem to the court's attention and should have removed himself as trustee.
 
 IV.
 
 44
 Finally, Van den Bosch contends that he should not be liable for the costs of removal even if it is found that he should be removed. He claims that the Johnson case is distinguishable, as there money was embezzled by an employee of the trustee and the trustee was held responsible for that loss. The costs here are based upon the costs of two audits and $2,266.13 in attorney's fees for representation provided Van den Bosch early in this dispute. While this is not the same sort of situation as that in Johnson, where money was stolen, it is the action of the trustee I which made the incurring of these costs necessary. If Van den Bosch had acted properly, keeping adequate records and compensating himself in accordance with applicable law, these audits would not have been necessary nor would the government have sought to remove him. Violations of a fiduciary duty such as occurred here render the fiduciary personally liable. Ford Motor Co. v. Weaver, 680 F.2d 451 (6th Cir.1982). Under such circumstances, taxing the costs of removal proceedings is appropriate.
 
 
 45
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 46
 ---------------
 
 
 
 1 Van den Bosch acknowledges that he withheld a fee of five percent per case, which resulted in a salary for fiscal 1982 of $202,693.00. His salary for fiscal 1981 was $24,424 and for the September quarter of 1991, $39,073.00. From October 1, 1982 to June 30, 1993, he paid himself $106,000.00.